**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 2:24-cv-02454-JPM-tmp |
| JOHN DOE, subscriber assigned IP Address | ) |
| 73.2.166.110, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A
RULE 26(f) CONFERENCE**

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *ex parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference and accompanying Memorandum in Support, both filed on July 21, 2024.  (ECF Nos. 8 & 9.)  Plaintiff seeks early discovery to ascertain Defendant's identity.  For the reasons set forth below, the Motion is **GRANTED**.

## I.      BACKGROUND

Plaintiff is the copyright owner of several "adult motion pictures." (ECF No. 1 ¶ 2.) Plaintiff brings this copyright infringement action against John Doe ("Defendant"), an internet subscriber assigned IP address 73.2.166.110. (Id. at PageID 1.)  Plaintiff alleges that Defendant used an Internet-based anonymous peer-to-peer file sharing platform, BitTorrent, to illegally download and distribute twenty-seven (27) of its adult motion pictures in violation of 17 U.S.C. §§ 106 and 501.  (Id. at PageID 2, 8.)  Plaintiff seeks statutory damages, attorneys' fees, and costs.

(Id. at PageID 9.)

Plaintiff, however, does not know and cannot itself determine Defendant's identity beyond his IP address. (Id. at PageID 3.)  Plaintiff moved for leave to serve a subpoena on Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast").  (ECF Nos. 8-9.)  According to Plaintiff, Defendant's ISP is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity.  (ECF No. 9 at PageID 21, 26.)  Hence, Plaintiff argues that without early discovery to determine Defendant's identity, it cannot serve Defendant, pursue the lawsuit, and protect its copyrights.  (Id. at PageID 21.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1).  Early discovery, such as the subpoena requested here, is frequently authorized prior to the 26(f) conference in copyright infringement cases.  See Arista Records, LLC v. Doe, 604 F.3d 110, 119 (2d Cir. 2010); Strike 3 Holdings, LLC v. Doe, No. 22-10419, 2022 WL 1205008, at *1 (E.D. Mich. Apr. 22, 2022) (same); 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2046 (3d ed. updated April 2023) ("[C]ourts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Although the Sixth Circuit has yet to address this issue, courts within the circuit and around the country have applied the Second Circuit's framework laid out in Arista when confronted with requests for early discovery in copyright cases, specifically in cases brought by the plaintiff before the Court.  See, e.g., Strike 3 Holdings, 2022 WL 1205008 at *1; see also Strike 3 Holdings, LLC v. Doe, No. 23-CV-1891 (PJS/DJF), 2023 WL 4864279, at *4 (D. Minn. July 31, 2023) (collecting

cases) (same); <u>Strike 3 Holdings, LLC v. Doe</u>, No. 20CIV4501WFKVMS, 2021 WL 535218, at

*1 (E.D.N.Y. Feb. 12, 2021) (same); <u>Strike 3 Holdings, LLC v. Doe</u>, No. 22-CV-05084-HSG,

2022 WL 5007973, at *1 (N.D. Cal. Oct. 4, 2022) (same). The <u>Arista</u> framework consists of the

following five factors:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of
> actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence
> of alternative means to obtain the subpoenaed information, ... (4) [the] need for the
> subpoenaed information to advance the claim, ... and (5) the [objecting] party's
> expectation of privacy.

<u>Arista Records</u>, 604 F.3d at 119.

### III.    ANALYSIS

The <u>Arista</u> factors weigh in favor of granting Plaintiff's motion for early discovery.  First,

Plaintiff has established a prima facie case of copyright infringement by showing it owns a valid

copyright and Defendant copied original elements of that copyright.  See <u>Feist Publ'ns, Inc. v.</u>

<u>Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991); (<u>see also</u> ECF Nos. 1, 8-9.)  Second, the discovery

request seeks specific and narrow information; the corresponding name and physical address of

the person associated with the IP address being used to commit to the alleged infringement.  (ECF

No. 9 at PageID 21.)  Third, the Court agrees that there are no alternative means to ascertain

Defendant's name and address.  Plaintiff contends that it cannot identify Defendant through just

his or her IP address and the only entity that can match the IP address to the Defendant is an ISP

like Comcast.  (<u>Id.</u> at PageID 26-27.)  Fourth, Plaintiff has demonstrated that a subpoena on

Comcast is necessary to pursue this litigation.  As Plaintiff makes clear, without Defendant's name

and address, it cannot properly effectuate service of process or determine whether Defendant is a

proper party to this action. (<u>Id.</u> at PageID 21.)

Fifth, Defendant's expectation of privacy will be protected.  The Sixth Circuit has held that "computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator." Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001); see also United States v. Carpenter, 819 F.3d 880, 887 (6th Cir. 2016), rev'd and remanded on other grounds, 138 S. Ct. 2206 (2018) ("[C]ourts have not (yet, at least) extended [Fourth Amendment] protections to the internet analogue to envelope markings, namely the metadata used to route internet communications, like sender and recipient addresses on an email, or IP addresses.") At the same time, this Court, like many of the courts that have been confronted with Plaintiff's subpoena Motions, is cognizant of the fact that that the subject matter of this litigation may cause Defendant unnecessary embarrassment, even if he or she is not the proper party. See Strike 3 Holdings v. Doe, 2019 WL 340712, at *3 (finding good cause to issue protective order where "substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)(1)).  Hence, to balance Plaintiff's need for discovery against Defendant's right to anonymity, this Court issues a protective order to protect Defendant.

To counteract a risk that Plaintiff would coerce a settlement against Defendant by threatening to unmask him or her in this lawsuit, the protective order prohibits Plaintiff from initiating any settlement discussions without leave of Court.  To avoid any unnecessary burden to Comcast, the protective order provides ample time for the ISP to identify and serve Defendant and allows Comcast to seek the costs of complying with the subpoena from Plaintiff.  The protective order also protects Defendant from any potential embarrassment or reputational harm that may arise from misidentification or the subject matter of the copyright by allowing Defendant to litigate this action anonymously.

The circumstances presented in this case weigh in favor of granting Plaintiff's motion for early discovery.

### IV.    CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Leave to serve a Rule 45 subpoena on Comcast to obtain Defendant's name and address.  Plaintiff's motion is granted, but this Court also orders the protective conditions set forth below.  Failure to comply with any of the conditions may result in an award of sanctions.

1.  Defendant may proceed anonymously as "John Doe" in this case unless and until the Court orders otherwise.

2.  Plaintiff shall not initiate settlement discussions or attempt to contact Defendant prior to service of the Complaint, without leave of Court.  If Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3.  Plaintiff may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena") on Comcast to obtain only the name and address of the Internet subscriber(s) associated with the IP address: 73.2.166.110.  Plaintiff may not seek or obtain the subscriber's phone number or email address, or seek to obtain information about potential defendants other than the subscriber who is associated with the IP address 73.2.166.110 without a further court order.  The Subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

4.  Comcast will have **60 days** from the date of service of the Rule 45 Subpoena upon them to ascertain the name and address of the subscriber(s) associated with the IP address 73.2.166.110 and to serve the subscriber(s) with copies of: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order.  Comcast may serve

the subscriber(s) associated with the IP address 73.2.166.110 by written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.  The papers shall be enclosed in an envelope in the following order: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order.  Service shall be deemed complete three days after mailing.

5.   Comcast shall file a proof of service on the docket in this case **within 10 days** of mailing the documents to the subscriber(s) associated with the IP address 73.2.166.110.  Comcast shall redact the name and address of the subscriber(s) associated with the IP address 73.2.166.110 from the proof of service filed on the public docket.  The unredacted copy of such proof of service shall be filed *ex parte* under seal with access only to Comcast and the Court.

6.   Defendant shall have **60 days** from service of the Subpoena, this Order and "Notice to Defendant" upon him or her to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the subpoena).

7.   Comcast shall not turn over the subscriber(s)' identifying information to Plaintiff before the expiration of 60-day period after completion of service.  If Defendant or Comcast files a motion to quash or modify the Subpoena, Comcast shall not turn over any information to Plaintiff until the motion(s) have been decided by the Court and unless the Court issues an order instructing Comcast to produce the requested discovery.  Comcast shall preserve any subpoenaed information pending the resolution of any timely filed motions challenging the Subpoena.

8.   If the 60-day period lapses without Defendant or Comcast contesting the Subpoena, Comcast shall have **10 days** to produce the information responsive to

the Subpoena to Plaintiff's counsel for "Attorneys' Eyes Only" review. Comcast shall provide a written statement to Plaintiff's counsel confirming compliance with this Order, which Plaintiff's counsel shall then file under seal with the Court. Any information produced by Comcast will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to Plaintiff, its employees, or agents.

9. Should Defendant appear in this action by contacting Plaintiff's counsel, filing a response to the complaint, or otherwise, Plaintiff may submit a letter request to change the designation of information produced by Comcast from "Attorneys' Eyes Only" to "Confidential." Any information disclosed to Plaintiff in response to the Subpoena under this Order may only be used for the purpose of protecting Plaintiff's rights as set forth in its Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court.

10. If Defendant moves to quash the subpoena or to proceed anonymously, Defendant shall, at the same time as any such filing, also notify Comcast so that Comcast is on notice not to release any of Defendant's information to Plaintiff until the Court rules on the motions.

11. Comcast shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena if permitted by the Court. Should Comcast elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

12. Plaintiff's time to serve Defendant pursuant to Fed. R. Civ. P. 4(m) is extended to either thirty days after the expiration of the period within which Defendant or

Comcast may move to quash or modify the subpoena, or until thirty days following the denial of any such motion.

**IT IS SO ORDERED** this 2nd day of August, 2024.


   /s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:24-cv-02454-JPM-tmp |
| JOHN DOE, subscriber assigned IP Address | ) | |
| 73.2.166.110, | ) | |
| | ) | |
|       Defendant. | ) | |
| | ) | |

**NOTICE TO DEFENDANT**

1. You are a Defendant in the above-captioned case, <u>Strike 3 Holdings, LLC v. John Doe</u>, No. 2:24-cv-02454-JPM-tmp a case now pending in the United States District Court for the Western District of Tennessee.

2. Attached is the **eight (8) page** Order of the Honorable Jon P. McCalla, United States District Judge, dated May 2, 2024, which sets forth certain deadlines and procedures related to this case.  Together with this Notice, but not including the subpoena, there should be **eleven (11) pages**.

3. You may hire a lawyer to represent you in this case or you may proceed "*pro se*" (that is, you may represent yourself without the assistance of a lawyer).  If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Western District of Tennessee, Western Divisional Office, 167 N. Main Street Memphis, TN 38103, which may be reached at **(901) 495-1200.**

4. Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Comcast Communications, LLC ("Comcast") internet connection.

5. Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. Plaintiff has served subpoena(s) requesting your identity and contact information from your Internet Service Provider ("ISP"), Comcast.  If you do not want your ISP to provide this information to Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena with the Clerk's Office.  This must be done within **60 days** of the date that you were served with the subpoena and notice from your ISP that you may be the target of the subpoenaed information in this case.

7. If you wish to take action, you should review the Court's Order which is enclosed.  If you move to quash the subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court.  This information is solely for use by the Court, and the Court will not provide this information to Plaintiff or lawyers for Plaintiff unless and until it determines there is no basis to withhold it.  The Court requires this information so that it may communicate with you regarding the status of the case.

8. If you do not move to quash or modify the subpoena, you do not need to act at this time. It may be that Plaintiff will continue this action against you by serving a complaint on you.

At that time, you will need to act in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9.   Even if you do not file a motion to quash or modify the subpoena, the Court has ordered that you may still proceed in this case anonymously at this time.  This means that the Court and Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.  If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your case.  This must be done within **60 days** of the date that you were served with notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case number in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.